IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01467-PAB-KLM

AMANDA BUSHY,

    Plaintiff,

v.

MEDICAL CENTER OF THE ROCKIES, a corporation, and
DR. JASJOT JOHAR, in his official and individual capacities,

    Defendants.

_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Unopposed Motion to Dismiss and for Leave to File Amended Complaint** [Docket No. 36; Filed October 4, 2013] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for disposition [#37]. For the reasons set forth below, the Court **RECOMMENDS** that the Motion [#36] be **GRANTED**.

As an initial matter, a Scheduling Order has not been entered in this case, and there is currently no deadline for amendment of pleadings. Thus, the Motion is timely.

The unopposed amendment seeks to drop Defendant Dr. Jasjot Johar in his individual capacity and dismiss certain claims. A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez*

*v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases).  When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive.  *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002).  Thus, although the Motion is unopposed, the Court assumes that the issue is dispositive and requires a recommendation.  Accordingly,

      IT IS HEREBY **RECOMMENDED** that the Motion [#36] be **GRANTED** and that the Amended Complaint and Jury Demand [#36-1] be accepted for filing.

      IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  October 7, 2013                BY THE COURT:

                                                    Kristen L. Mix
                                                    United States Magistrate Judge

