IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-01467-PAB-KLM

AMANDA BUSHY,

     Plaintiff,

v.

MEDICAL CENTER OF THE ROCKIES, a corporation, and
Dr. JASJOT JOHAR, in his official capacity,

     Defendant.

_____

### ORDER
_____

     This matter is before the Court on the Motion to Dismiss the Amended Complaint

[Docket No. 55] filed by defendant Dr. Jasjot Johar.

     On June 7, 2013, plaintiff Amanda Bushy filed this action, bringing claims under

Tile VII of the Civil Rights Act of 1964.  Docket No. 2 at 1.  Plaintiff alleges that, as an

employee of defendant Medical Center of the Rockies ("MCR"), she was

> subjected to intense and constant sexual harassment and assaults by Dr.
> Johar, an emergency department medical director at MCR's medical facility.
> Dr. Johar determined Plaintiff's work schedule assigning her shifts that would
> coincide with his presence.  Dr. Johar expressed his authority to hire,
> promote, demote and fire Plaintiff.  Dr. Johar exercised significant control
> over the employment conditions of Plaintiff including when and where she
> worked.

Docket No. 48 at 3, ¶¶ 9-10.  Plaintiff originally brought claims against Dr. Johar in both

his individual and official capacities.  Docket No. 2 at 1.  Plaintiff later moved to amend

her complaint to dismiss Dr. Johar in his individual capacity and to dismiss her claims

brought under Colorado law.  Docket No. 36.  On October 29, 2013, plaintiff's motion

for leave to file an amended complaint was granted and her amended complaint was

accepted for filing.  Docket Nos. 47, 48.  Plaintiff's amended complaint consists only of

Title VII claims for discrimination, harassment, and retaliation, all of which are brought

against both Medical Center of the Rockies and Dr. Johar in his official capacity.

Docket No. 48 at 6-8.  On November 5, 2013, Dr. Johar filed the present motion to

dismiss plaintiff's remaining claims against him, arguing that, because Title VII claims

are limited to employers, plaintiff's claims against Dr. Johar should be dismissed.

Docket No. 55 at 2.

Dr. Johar moves for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure.  To survive a motion to dismiss under Rule 12(b)(6), a complaint must

allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . .

plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the

complaint has alleged–but it has not shown–that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration

marks omitted).  Additionally, pursuant to Rule 12(f), the court may, *sua sponte*, "strike

from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."  Fed. R. Civ. P. 12(f); *see, e.g.*, *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (discussing court's power under Rule 12(f) to,

on its own initiative, strike pleadings that are abusive or contain offensive language).

2

A plaintiff may seek relief under Title VII against his or her employer. *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993). As such, "personal capacity suits against individual supervisors are inappropriate under Title VII." *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 743 (10th Cir. 1999) (quotations omitted); *see also Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 1 (10th Cir. 2007) ("Under long-standing circuit precedent, supervisors and other employees may not be held personally liable under Title VII."). Thus, a plaintiff can recover under Title VII "either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Sauers*, 1 F.3d at 1125 (quotation marks omitted). Suits against employees in their official capacity operate as a suit against the employer itself. *Id.*; *see also Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent. . . . It is *not* a suit against the official personally, for the real party in interest in the entity." (quotation marks and citations omitted)). Although plaintiff may name supervisors in their official capacities or as alter egos of the employer, the Tenth Circuit has suggested that such a practice is "is superfluous where, as here, the employer is already subject to suit directly in its own name." *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005) (unpublished). Under such circumstances, courts in the Tenth Circuit regularly dismiss claims against a supervisory employee in his or her official capacity. *See Barrera v. Casey's General Stores, Inc.*, 2013 WL 3756566, at *2 (D. Kan. July 15, 2013) (dismissing Title VII claim against supervisor because, when "a plaintiff names as defendants both the employer and an employee in

3

his or her official capacity, the claims against the employee merge with the claims against the employer"); *Taylor v. Riverside Behavioral Health*, 2011 WL 1528791, at *3 (N.D. Okla. April 20, 2011) ("even if Kistler and Koch were named as supervisory employees acting in their official capacities, this would amount to a suit against Riverside, who is already a party to this [Title VII] case"); *Park v. TD Ameritrade Trust Co., Inc.*, No. 10-cv-02599-BNB, 2010 WL 4608225, at *1 (D. Colo. 2010) ("Because Plaintiff has sued her employer, a suit against Defendants Moglia and Bradley in their official capacities under Title VII and the ADA is superfluous."); *see also Doe v. Douglas Cnty. Sch. Dist. RE-1*, 775 F. Supp. 1414, 1416 (D. Colo. 1991) (finding, in 42 U.S.C. § 1983 case, that because a plaintiff's official capacity claim is a "suit against the entity," it is identical to a claim asserting the same violations directly against the employer and "dismissal of plaintiff's redundant claim is warranted as a matter of judicial economy and efficiency").

Dr. Johar argues that, because plaintiff named MCR as a defendant, asserting claims against Dr. Johar in his official capacity is unnecessary. Docket No. 55 at 4.[1] Plaintiff's response focuses on the propriety of naming Dr. Johar as a defendant in his official capacity. Docket No. 57 at 5. However, there is no dispute that naming Dr. Johar as a defendant in his official capacity is one manner in which plaintiff can hold MCR liable. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996) ("'In such a

---

[1]Dr. Johar also argues that, "to the extent Bushy continues to attempt to assert any claim for recovery against Dr. Johar individually . . . , Bushy's claims must fail." Docket No. 55 at 3. However, there is no indication that plaintiff continues to assert claims against Dr. Johar in his individual capacity and, as such, Dr. Johar's argument is moot.

4

situation, the individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct.'" (quoting *Sauers*, 1 F.3d at 1125)).[2] What plaintiff fails to address is whether bringing identical claims against *both* MCR and Dr. Johar in his official capacity is appropriate.  Plaintiff argues that the degree to which MCR is responsible for Dr. Johar's conduct is a factual issue to be determined at trial, but plaintiff bears the burden of showing that MCR is liable regardless of whether Dr. Johar is a named defendant.  Moreover, plaintiff fails to address the weight of authority supporting the dismissal of official capacity claims under analogous circumstances. *See, e.g.*, *Barrera*, 2013 WL 3756566, at *3.  In the context of 42 U.S.C. § 1983 claims, the Tenth Circuit has indicated that a suit against the entity and its agent may not be duplicative if the plaintiff shows that "either separate duties were breached or separate injuries resulted" and provides an "explanation for the division of the damages award." *J.M. v. Hilldale Indep. Sch. Dist. No. 1-29*, 397 F. App'x 445, 462 (10th Cir. 2010) (citing *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1306 (10th Cir. 2003)).  It is not clear that the Tenth Circuit would apply this reasoning in the Title VII context, *see Lewis*, 211 F. App'x at 665 n.2, but, regardless, plaintiff makes no attempt to show that Dr. Johar and MCR breached separate duties and the amended complaint does not allege that each defendant caused separate injuries.  Rather, the claims against Dr. Johar and MCR

---

[2]Although *Haynes* considered arguments that individual supervisors could be liable under Title VII, the Tenth Circuit continues to adhere to the rule articulated in *Sauers*.  *See id.*; *Williams*, 497 F.3d at 1083 n. 1.  Thus, plaintiff's citation to *Haynes* does not, strictly speaking, bear on the issue raised in this motion, namely, whether a plaintiff should be permitted to proceed on identical Title VII claims against an employer and a supervisory employee in his official capacity.

appear to be identical.  *Cf. Cross Continent Dev., LLC v. Town of Akron, Colo.*, No. 09-cv-02413-WYD-KMT, 2012 WL 2568173, at *3 (D. Colo. July 3, 2012) (declining to dismiss claims against individual defendant in official capacity because plaintiff sought punitive damages only against individual defendant in official capacity for conduct "independent to and in addition to the wrongful actions of the Town").  Plaintiff has failed to justify maintaining identical Title VII claims against both Dr. Johar in his official capacity and MCR.  Thus, because plaintiff maintains claims against MCR, plaintiff's claims against Dr. Johar in his official capacity are redundant and will be dismissed.

For the foregoing reasons, it is

**ORDERED** that Defendant Dr. Jasjot Johar's Motion to Dismiss the Amended Complaint [Docket No. 55] is **GRANTED**.  It is further

**ORDERED** that all claims against Dr. Johar in his official capacity are **DISMISSED**.

DATED September 16, 2014.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

6